IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

NADIAH AL-AROMAH,
    *Plaintiff*

v.

MICHAEL TOMAZEWCIZ,
    *Defendant*

Civil Action No. 7:19cv00294

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Plaintiff, Nadiah Al-Aromah, (hereinafter, "Plaintiff"), respectfully requests that this Court deny Defendant's Motion to Dismiss her Amended Complaint, brought pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), and further requests oral argument in this matter.

**STATEMENT OF THE CASE**

Plaintiff filed her Complaint on April 10, 2019, seeking specific performance and a declaratory judgment pursuant to Defendant's obligations under the terms of an Affidavit of Support ("Form I-864") signed by Defendant related to Plaintiff's immigration status.

Defendant filed a Motion to Dismiss pursuant to FRCP 12(b)(6) on May 24, 2019.

Defendant then filed his Answer on May 29, 2019.

Thereafter, Plaintiff filed her Amended Complaint adding a claim for damages due to Defendant's breach of the Affidavit of Support from June 7, 2016 to December 1, 2016.

1

Defendant filed an Answer to the Amended Complaint and the instant Renewed Motion to Dismiss on June 13, 2019.

## STATEMENT OF FACTS

Plaintiff and Defendant were married on March 2, 2011, in Sana'a, Yemen. *Complaint* ¶ 10. On or about December 5, 2013, Defendant executed and submitted to United States Customs and Immigration Services ("USCIS") certain immigration forms, including an Affidavit for Support (Form I-864), for the purpose of attaining lawful permanent resident status for his wife, the Plaintiff. *Id*. at ¶ 11. As a result of Defendant's sponsorship, including his Affidavit of Support, Plaintiff was awarded permanent resident status in 2014. *Id*. at ¶ 12.

As a result of Defendant's controlling and violent behavior, the parties' marriage fell apart. *Id*. at ¶ 13. Plaintiff subsequently left the marital home and the parties separated on June 7, 2016. *Id*. at ¶¶ 14, 17.

Plaintiff was awarded spousal support by the Roanoke County Juvenile and Domestic Relations Court, effective December 1, 2016. *Id*. at ¶¶ 15, 17. Defendant filed for dissolution of the marriage in Rockingham County Circuit Court, requesting that his obligations to Plaintiff be ended. *Id*. at ¶ 16. The parties' divorce action is still pending in the Rockingham County Circuit Court.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), a court must construe the

2
Case 7:19-cv-00294-RSB   Document 15   Filed 06/26/19   Page 2 of 11   Pageid#: 97

factual allegations in the Complaint in the light most favorable to the Plaintiff. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). As the Supreme Court explained, "[the] factual allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, the Plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## PLAINTIFF'S AMENDED COMPLAINT ALLEGES A CAUSE OF ACTION FOR BREACH OF THE AFFIDAVIT OF SUPPORT

In his Motion to Dismiss, Defendant alleges that Plaintiff has not stated a claim for breach of contract because the Defendant is not currently in breach of the existing Order of the Roanoke County Juvenile and Domestic Relations Court, which ordered Defendant to pay spousal support to Plaintiff in the amount of $1,905.00 per month beginning December 1, 2016. *Defendant's Motion to Dismiss* p. 2. Defendant fails to squarely acknowledge the Plaintiff's allegation that Defendant failed to make payments under the I-864 affidavit of support for the period of time from the date of separation (beginning June 2016), until Defendant began making payments under the Juvenile and Domestic Relations District Court Order (December 2016).

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of the obligation." *Filak v. George*, 267 Va. 612, 619 (2004). Form I-864, or an Affidavit of Support "creates an enforceable contract wherein the sponsor (current United States resident) promises to financially support the sponsored alien (immigrant seeking

3

residency) at 125% of the poverty level. Either the United States or the sponsored alien may bring suit to enforce the Affidavit of Support against the sponsor." *Madrid v. Robinson*, 6:16-cv-00047 (Western District of Virginia, 2016) (internal citations omitted).

In December 2013, Defendant signed an Affidavit of Support promising to financially support Plaintiff at 125% of the federal poverty level; therefore, an enforceable contract exists. Defendant breached the Affidavit of Support for the time period of June 7, 2016 through December 1, 2016, when he did not provide financial support for Plaintiff at a minimum of 125% of the federal poverty guideline, which he contracted with the U.S. Government to do.

Plaintiff has been damaged by Defendant's breach of the Affidavit of Support. In 2016, 125% of the federal poverty guideline for a one (1) person household was $1,237.50 per month. *See Federal Poverty Level Guidelines*, https://familiesusa.org/product/federal-poverty-guidelines, (last accessed June 19, 2019.) Defendant provided no support for Plaintiff from June 7, 2016, to December 1, 2016, despite his obligation to do so. At $1,237.50 per month for six (6) months, Plaintiff's damages for Defendant's breach of the Affidavit of Support from June 7, 2016 to December 1, 2016, totals $7,425.00.

That a State Court has since ordered Defendant to pay spousal support does not negate Defendant's breach of his Affidavit of Support obligation for the time period of June 7, 2016, through December 1, 2016. Defendant has made no allegation that the Ms. Al-Aromah raised this issue in the state court proceeding. Not only is

there no contention that the issued was raised in that Court, Virginia domestic relations law would have prevented Ms. Al-Aromah for collecting any back support for the period of time prior to her filing for spousal support, as "liability for support shall be determined retroactively for the time period measured from the date the proceeding was commenced by the filing of an action with any court. . . " Code of Virginia § 20-108.1. The Court's Order for Spousal Support makes no mention of past due support owed pursuant to the Affidavit of Support and does not address Defendant's obligation to Plaintiff with regards to the Affidavit. An enforceable obligation existed, and still exists, between Defendant and Plaintiff; Defendant breached the obligation for the period from June 2016 until December 2016; and Plaintiff is damaged by Defendant's breach. Therefore, Plaintiff has made a claim for breach of the Affidavit of Support and Defendant's Motion to Dismiss should be denied.

**A DECLARATORY JUDGMENT IS APPROPRIATE IN THIS MATTER**

Defendant alleges that there is no justiciable controversy between the parties to justify a cause of action for declaratory relief. However, the Declaratory Judgment Act provides that where there is "a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A plaintiff must establish that "(1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an

5

independent basis for jurisdiction over the parties; and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

An actual controversy exists between the parties if "the facts alleged, under all the circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Shore Bank v. Harvard*, 934 F.Supp.2d 827, 837 (E.D. Va. 2013). Additionally, the Fourth Circuit has held that there is an actual controversy between the parties when there is pending suit in state court. *See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d at 593. In this case, an actual controversy exists between the parties because there is a pending lawsuit in state court. Defendant has sued Plaintiff for divorce and he has requested that the Rockingham County Circuit Court terminate his support obligation to Plaintiff. Plaintiff seeks declaratory judgment from this Court to assert Defendant's obligation pursuant to the Affidavit of Support, and avail herself of the jurisdiction of this Court.

Secondly, the Court must determine whether the matter before it presents a federal question or whether the Court has diversity jurisdiction. Fortunately, this Court has already addressed the federal question jurisdiction question in this affirmative. In *Madrid* this Court ruled that "8 U.S.C. § 1183a(e)(1) creates a federal cause of action for Plaintiff, making her claim one that arises under federal law within the meaning of 28 U.S.C. § 1331. This holding is in line with the vast majority of courts who have addressed this subject matter jurisdiction issue." *Madrid v.*

*Robinson*, 218 F.Supp.3d 482 (W.D. Va., 2016). While this Court has also addressed this matter in the contrary in *Wigley v. Wigley* (W.D. Va., 2018), the facts therein are distinguishable insofar as that Plaintiff raised the I-864 issue in her state court proceedings. It should further be noted that in *Wigley,* it appears that neither the *pro se* Plaintiff, nor the represented Defendant, afforded the *Wigley* Court the benefit of addressing the prior *Madrid* decision upholding subject matter jurisdiction.

This Court does not abuse its discretion by granting Plaintiff's request for declaratory judgment. The Fourth Circuit has held that a district court must have good reason for declining to exercise its declaratory judgment jurisdiction. The Court must "rule on the merits of a declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue.'" *Id.*

Here, there is no "good reason" for this Court to decline to exercise its declaratory judgment jurisdiction. Should this Court exercise its discretion it would settle at least part of the dispute between the parties in that Defendant's obligation to support Plaintiff would be clarified.

### PLAINTIFF'S AMENDED COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO THE ABSTENTION DOCTRINE

Without providing any analysis, Defendant claims that this case should be dismissed while state court proceedings are pending under the abstention doctrine. The abstention doctrine requires a federal court to abstain from exercising its jurisdiction when doing so would interfere with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). It is appropriate for a court to abstain from exercising its jurisdiction when the relief requested would: (1) interfere with an

7

ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides the Plaintiff an adequate opportunity to heard on her federal claims. *Martin Marietta Corp. v. Md. on Human Relations*, 38 F.3d 1393, 1396 (4th Cir. 1994).

This Court's exercise of its jurisdiction in this matter would not interfere with the parties' ongoing divorce in state court. Plaintiff asks this Court to decide her federal claim with regard to Defendant's obligation to support her under the signed Affidavit of Support. Such Affidavit of Support is an obligation to Plaintiff that exists independently from the parties' marriage. *See Montgomery v. Montgomery*, 764 F.Supp.2d 328, 336 (D.N.H. 2011). An Affidavit of Support may be signed outside of the context of a marriage between Sponsor and Beneficiary. Any immediate family member who is a United States Citizen can sponsor an immigrant and promise to support the immigrant pursuant to the Affidavit of Support, and rarely, an employer. Only five (5) events can end a sponsor's obligation: (1) the beneficiary becomes a United States Citizen; (2) the beneficiary has worked 40 quarters of eligible work; (3) the beneficiary is no longer a permanent resident and has left the United States; (4) the beneficiary seeks permanent residency with a different sponsor; and (5) the death of either the sponsor or the beneficiary. *See* Form I-864, dated March 6, 2018. Therefore, any support sought by Plaintiff based on Defendant's obligation under the Affidavit of Support is separate from the context of the parties' marriage and Plaintiff should not be prevented from litigating that in federal court as contemplated by 8 U.S.C. § 1183(e)(1).

As to whether the instant case implicates an important state interest, it is undisputed that domestic relations or family law is an important state interest and a "traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). However, as argued above, the majority of federal courts addressing this issue have held that because Plaintiff's claims arise under federal immigration law, namely 8 U.S.C. 1183(e)(1), and Defendant's obligations exist independently of the parties' marriage, these cases do not implicate state interests. *See Montgomery*, 764 F.Supp.2d at 330.

The *Younger* abstention doctrine requires the Court to abstain when Plaintiff will have an adequate opportunity to be heard on her federal claims in the state court proceedings. *Id.* at 333. Here, Plaintiff will not have an adequate opportunity to be heard on her federal claims in the state court proceedings because the state court cannot avail the Plaintiff of certain remedies that are only available to her in federal court and the state court is statutorily infirm to address the 2016 breaches. 8 U.S.C. § 1183(c) specifies that federal remedies under §§ 3201, 3203, 3204, and 3205 of Title 28 are available to beneficiaries. These remedies include a federal judgment lien, a federal writ of execution, a federal installment payment order, and a writ of garnishment of property—all of which are only available to Plaintiff in federal court. *See* 28 U.S.C. §§ 3201, 3203, 3204, and 3205. The state court in which the parties' divorce shall be decided cannot award Plaintiff any of the aforementioned remedies. Therefore, Plaintiff will not have an adequate opportunity to have her federal claims heard in state court.

Because the relief requested by Plaintiff would not interfere with the ongoing state judicial proceeding and Plaintiff would not have an adequate opportunity to be heard on her federal claims in state court, this Court should not abstain from asserting its jurisdiction in this matter.

Finally, even if this Court decided that it should abstain from making a declaratory judgment on Plaintiff's claims, the Court should not abstain from deciding Defendant's breach of the Affidavit of Support. Here, there is no state action pending as to Plaintiff's claim for breach of the Affidavit of Support and Plaintiff will not have an opportunity to be heard in the pending divorce action on the claim of breach. As there is no provision under Virginia state law to retroactively collect spousal support, therefore, this claim must be heard in federal court.

## REQUEST FOR ORAL ARGUMENT

Ms. Al-Aromah further requests oral argument on this matter. This matter raises a conflict of authority within this District and implicates a multitude of different areas of law- immigration, contract, domestic family law, and federal remedies. Plaintiff believes that the Court may significantly benefit from oral argument.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, and permit her to argue this matter before this court.

RESPECTFULLY SUBMITTED:
Nadiah Al-Aromah
By: /s/ Devon Rood Slovensky
Devon Rood Slovensky

SLOVENSKY LAW PLLC
Counsel for Plaintiff
Devon Rood Slovensky, VSB #84459
10 Church Ave., Suite 103 Roanoke, Virginia 24011
(540) 492-5297; Facsimile: (540) 707-9221
dslovensky@slovenskylaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following counsel:

Pavlina B Dirom
Caskie & Frost
2306 Atherholt Road
Lynchburg, VA 24501
434-846-2731
434-845-1191 (fax)
pdirom@caskiefrost.com

*s/ Devon Rood Slovensky*
DEVON ROOD SLOVENSKY