**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **NADIAH AL-AROMAH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:19-CV-294 |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL TOMASZEWICZ,** | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| **Defendant.** | ) | |

**MEMORANDUM OPINION[1]**

Plaintiff Nadiah Al-Aromah, a U.S. lawful permanent resident, initiated this breach of contract and declaratory judgment action against her husband, Defendant Michael Tomaszewicz ("Tomaszewicz"), seeking to enforce an affidavit of support Tomaszewicz signed when the couple immigrated to the United States. Tomaszewicz seeks to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 5 & 12. The motions have been fully briefed and the parties presented oral argument. For the reasons set forth below, the court will grant Tomaszewicz's motion to dismiss Al-Aromah's request for declaratory judgment, deny the motion to dismiss Al-Aromah's breach of contract claim, and decline to dismiss the case pursuant to the Younger abstention doctrine. This matter shall proceed on Al-Aromah's breach of contract claim.

---

[1] This matter is before me by consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. No. 8.

1

## I. BACKGROUND

Tomaszewicz is a U.S. citizen who married Al-Aromah in Yemen in 2011. Id. at ¶¶ 3–4. In 2013, Tomaszewicz completed a Form I-864 Affidavit of Support ("Affidavit of Support") for the purpose of achieving the lawful permanent resident status of Al-Aromah, which requires that Tomaszewicz shall provide Al-Aromah "any support necessary to maintain him or her at an income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size."[2] Id. at ¶ 9; Dkt. No. 1-1, p. 4. On April 8, 2014, Al-Aromah was awarded permanent residency status having immigrated from Yemen. She currently resides in Virginia. Id. at ¶ 11.

The parties legally separated on June 7, 2016. Id. at ¶¶ 12, 17. Al-Aromah petitioned for spousal support, and on December 14, 2016, the Roanoke County Juvenile and Domestic Relations Court entered an order of pendente lite spousal support requiring Tomaszewicz to provide support of $1,905 per month, commencing December 1, 2016 ("Spousal Support Order"). Id. at ¶ 17; Dkt. No. 5–1. Tomaszewicz filed divorce proceedings in Rockingham County Circuit Court on March 27, 2019. Id. at ¶¶ 14, Dkt. No. 1–2.

Al-Aromah filed this action pursuant to 8 U.S.C. § 1183 to enforce the Affidavit of Support, alleging that Tomaszewicz provided no support between the date of the parties' separation on June 7, 2016, and the date of the Spousal Support Order, December 14, 2016. Dkt. Nos. 1, 11. Al-Aromah asserts claims for breach of contract and declaratory relief, and requests that the court order specific performance under the

---

[2] Federal poverty guidelines means the "level of income equal to the official poverty line (as defined by the Director of the Office of Management and Budget, as revised annually by the Secretary of Health and Human Services, in accordance with section 9902(2) of Title 42) that is applicable to a family of the size involved." 8 U.S.C. § 1183a(h).

Affidavit of Support; award the financial support she was denied between June 7, 2016 and December 1, 2016; and award costs and attorney's fees under the Affidavit of Support. Al-Aromah also asks the court to declare that Tomaszewicz has a duty of support under the terms of the Affidavit of Support. Id. Tomaszewicz moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 5 & 12.

## II. STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (omission in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Twombly, 550 U.S. at 555 (requiring a complaint to contain facts sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face").

3

# III. ANALYSIS

## a. Affidavit of Support- Form I-864

Under federal law, immigrants who are likely to become a public charge are ineligible for admission into the United States, 8 U.S.C. § 1182(a)(4), unless their applications for admission are accompanied by an Affidavit of Support, Form I–864. See 8 U.S.C. §§ 1182(a)(4)(B)(ii), 1183a(a)(i). A person petitioning for the admission of a family-sponsored immigrant must sign a Form I–864 affidavit agreeing to provide financial support to the sponsored immigrant at 125% of the federal poverty level. 8 U.S.C. 1182(a)(4)(C)(ii). This affidavit is considered a legally enforceable contract between the sponsor and the sponsored immigrant. Younis v. Farooqi, 597 F. Supp. 2d 552, 554–55 (D. Md. 2009) (citing Shumye v. Felleke, 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008)). The signing sponsor submits himself to the personal jurisdiction of any federal or state court in which a civil lawsuit to enforce the affidavit has been brought. See 8 U.S.C. § 1183a(a)(1)(C). The sponsor's obligation under the affidavit does not terminate in the event of divorce. See Shumye, 555 F. Supp. 2d at 1024. A sponsor's obligations under Form 1–864 terminates if one of the five following conditions is met: "(1) the sponsor dies, (2) the sponsored immigrant dies, (3) the sponsored immigrant becomes a U.S. citizen, (4) the sponsored immigrant permanently departs the U.S., or (5) the sponsored immigrant is credited with 40 qualifying quarters of work." Du v. McCarthy, No. 2:14cv100, 2015 WL 1800225, at *5 (N.D.W. Va. Apr. 16, 2015). None of these conditions apply to Al-Aromah.

### b. **Breach of Contract**

The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. Cunningham Bros. Used Auto Parts, Inc. v. Zurich Am. Ins. Co., No. 6:17-cv-51, 2017 WL 4707464, at *2 (W.D. Va. Oct. 19, 2017). Al-Aromah's complaint satisfies the first two elements by asserting that the Affidavit of Support is an enforceable contract and that Tomaszewicz breached the contract between June and December 2016. Tomaszewicz asserts that Al-Aromah fails to state a claim for the third element of injury or damages because his payments to Al-Aromah under the Spousal Support Order from 2017–2019, including some arrearages payments, equal more than 125% of the federal poverty level that he was required to pay under the Affidavit of Support from 2016 through 2019.[3] Dkt. No. 12, p. 2. Al-Aromah maintains that Tomaszewicz's payments pursuant to the Spousal Support Order in 2017 and onward cannot be retroactively applied to satisfy his obligation to support her under the Affidavit of Support for the year 2016.[4] Dkt. No. 15, p. 3.

The Spousal Support Order requires that Tomaszewicz pay Al-Aromah $1,905.00 per month, commencing on December 1, 2016. The order states that "[a]ll support payments made shall be first credited to the current support obligation and any remainder of such payment then credited to arrearages, if any." Dkt. No. 5-1. Tomaszewicz asserts that he made the following payments to Al-Aromah under the Spousal Support Order:

---

[3] The federal poverty guidelines are as follows: 2016 ($11,880); 2017 ($12,060); 2018 ($12,140); 2019 ($12,490). See https://aspe hhs.gov/prior-hhs-poverty-guidelines-and-federal-register-references.

[4] There is no allegation that Tomaszewicz has breached the Spousal Support Order.

"2016– $0 (but $1,905.00 paid on 1/2017 towards 2016); 2017– 22,860.00; 2018– $22,860.00; 2019 through June 1, 2019– $11,430." Dkt. No. 12, p. 2.

The terms of the Affidavit of Support provide for the appropriate "measure of damages that would put plaintiff in as good a position as she would have been had the contract been performed." Shumye, 555 F.Supp.2d at 1024. The parties agree that the amount owed under the Affidavit of Support for the alleged 6-month breach in 2016 is $7,425.00.[5]

Tomaszewicz asserts that the court should retroactively apply support he provided to Al-Aromah between 2017–2019 to the amount he owed in 2016. Tomaszewicz's argument requires the court to consider his payments to Al-Aromah in aggregate for a period of 4 years to determine if the Affidavit of Support was breached. This method of calculation is not supported by persuasive case law, which instructs the court to compare Al-Aromah's annual income for each calendar year at issue against the 125% poverty threshold, rather than considering multiple years in aggregate.

Specifically, in Younis v. Farooqi, the court noted "[t]o determine the appropriate damages for breach of an Affidavit of Support, courts compare the plaintiff's annual income for the particular years at issue, rather than the aggregate income for the entire period, against the 125% poverty threshold for each particular year." 597 F. Supp. 2d at 554–855 (citing Shumye, 555 F. Supp. 2d at 1024–25); see also Toure-Davis v. Davis, No. WGC-13-916, 2015 WL 993575, at *4 (D. Md. March 4, 2015) ("This court must compare Plaintiff Toure–Davis' annual income against the 125 percent of the Federal poverty line for each year to determine whether, if necessary, Defendant Davis provided

---

[5] Calculated as 125% of $11,880.00 (federal poverty guideline for a 1-person household in 2016) = $14,850 ÷ 12= $1,237.50/mo. x 6 months = $7,425.00. See Dkt. Nos. 15, p. 4 & 16, p. 3.

6

an appropriate financial safety net."); Al-Mansour v. Shraim, No. CCB-10-1729, 2011 WL 345876, at *4 (D. Md. Feb. 2, 2011) ("Because the court must compare the plaintiff's income for each year against the 125% poverty threshold, Mr. Shraim's gift of property to Ms. Al-Mansour in 20017 cannot be considered as part of her income in 2010.").

Tomaszewicz urges the court to follow Cheshire v. Cheshire, No. 3:05cv453, 2006 WL 1208010 (M.D. Fl. May 4, 2006), in which the court calculated the defendant's support obligation under an Affidavit of Support on an aggregate basis. In Cheshire, the court added together the plaintiff's annual income during a six-year period and compared it with 125% of the federal poverty threshold during that period to determine the defendant's total support obligations. Id. at *6. See also, Stump v. Stump, No. 1:04cv253, 2005 WL 2757329 (N.D. Ind. Oct. 25, 2005) (The court calculated the amounts the defendant owed plaintiff on a year by year basis, aggregated that amount, and subtracted the plaintiff's earnings or other offsets in an aggregate amount to arrive at a total amount due by defendant.)

However, the seminal case relied upon and cited by courts in the Fourth Circuit on this issue, Shumye v. Felleke, rejected the Cheshire aggregate approach, stating:

> Defendant argues that the Court should look at Plaintiff's total income from 2001 through 2007, and subtract it from the sum of the 125% poverty thresholds during those years. The Court disagrees, and finds this method inconsistent with the requirement under 8 U.S.C. § 1183(a)(1)(A) that Defendant maintain Plaintiff "at an *annual* income" that is not less than the 125% poverty threshold. "The Affidavit of Support provides for the measure of damages that would put the Plaintiff in as good a position as she would have been in had the contract been performed." To be placed in as good a position as she would have been had Defendant performed his support obligation on an annual basis, this Court must compare Plaintiff's income against the 125% poverty threshold for each individual year in question. The Court is not persuaded that the aggregate method advanced by Defendant, which was used by the Court in Cheshire, provides the

7

proper measure for liability and damages, and will not follow that approach.

555 F. Supp. 2d at 1024–25 (internal citations omitted) (emphasis in original). Also instructive is Echon v. Sackett, No. 14-cv-3420, 2018 WL 2087594, at *3, n. 3 (D. Co. May 4, 2018) where the court reluctantly followed the aggregate damages calculation used in Cheshire, stating,

> Although the Court agrees that a defendant's support obligations should typically be calculated on an annual basis, as the court determined in Shumye, the Court finds it appropriate to follow Cheshire's approach given that plaintiffs' actions invited the inconsistency between the way damages were awarded on their breach of contract claims and the jury's determination of their unpaid wages. However, even if the Court were to follow the Shumye approach, utilizing the annual amounts of unpaid wages requested by plaintiffs during closing argument, to calculate the damages likely awarded by the jury for each year worked, plaintiffs' household income for the years 2012 to 2014 would still exceed 125% of the federal poverty threshold.

Id. at *3. Further, although the courts in Cheshire and Stump aggregated the plaintiffs' earnings over a period of time when calculating damages owed under Affidavits of Support, they did not allow the relief Tomaszewicz seeks here, for a sponsor to apply amounts paid in later years to the obligation owed to an immigrant in a prior year. Indeed, in both Cheshire and Stump, the sponsors had not satisfied their obligation under the Affidavits of Support to the immigrants for any of the years at issue. The courts were aggregating the immigrants' income and benefits to determine what support obligation remained for the sponsors.

This court will follow the persuasive Fourth Circuit cases adopting the Shumye approach to determine the appropriate damages for breach of an Affidavit of Support. See Younis, 597 F. Supp. 2d at 554–855; Toure-Davis, 2015 WL 993575, at *4; Al-Mansour v. Shraim, 2011 WL 345876, at *4. These cases instruct that the court should compare

8

Al-Aromah's annual income for 2016 against the 125% poverty threshold to determine the support due, and should not consider amounts Tomaszewicz paid under the Spousal Support Order in later years.

Using this approach, Al-Aromah's Amended Complaint states a claim for damages for Tomaszewicz's breach of contract during 6 months in 2016 despite his support payments in amounts greater than 125% of the federal poverty level in later years. Accordingly, Tomaszewicz's motion to dismiss Al-Aromah's breach of contract claim is **DENIED**.

  c. **Declaratory Judgment**

Tomaszewicz asks the court to dismiss Al-Aromah's request for a declaratory judgment because it impermissibly seeks an advisory opinion that the Affidavit of Support is a binding obligation. Al-Aromah contends that a declaratory judgment is appropriate because an actual controversy exists between the parties as to whether the Affidavit of Support is a binding contract, evidenced by the pending lawsuit in state court, in which Tomaszewicz requests termination of his support obligation to Al-Aromah.[6] During oral argument, counsel for Tomaszewicz agreed on the record that the Affidavit of Support creates a binding legal obligation.

"The Declaratory Judgment Act permits a district court, in a case or controversy otherwise within its jurisdiction, to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' 28 U.S.C. § 2201(a). The United States Supreme Court has 'repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a

---

[6] The divorce application attached to the Complaint requests a termination of Tomaszewicz's support obligation but does not specifically refer to his obligation under the Affidavit of Support. See Dkt. No. 1-2.

9

discretion on the courts rather than an absolute right upon the litigant.'" MCCOA, LLC v. Retail Serv. Sys., Inc., No. 7:17cv505, 2018 WL 662507, at *2 (W.D. Va. Feb. 1, 2018) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)).

A federal court may exercise jurisdiction in a declaratory judgment proceeding "when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201).

"It is well established that district courts possess discretion to decline to hear suits for declaratory judgment." Duke Energy Progress, LLC v. Roanoke River Basis Ass'n, No. 4:17cv32, 2017 WL 3326970, at *5 (W.D. Va. Aug. 3, 2017). A court should rule on the merits of a declaratory judgment action only "when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Volvo Constr. Equip., 386 F.3d at 594. (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

In Douros v. State Farm Fire & Cas. Co., 508 F. Supp. 2d 479 (E.D. Va. 2007), the court found declaratory relief improper where the parties sought a ruling that the defendant breached the insurance policy contract, resulting in damages. The court noted,

> Here, the plaintiffs do not seek an order that clarifies the legal rights of parties to a potential controversy—instead, they seek a ruling that the defendant has breached the homeowners' insurance policy, resulting in damages. Although necessary to the resolution of whether the policy has

10

> been breached is the determination of whether the policy covers the
> claimed losses, the plaintiffs' actual objective is not simply a
> determination of their rights under the policy, but rather a ruling that the
> defendant is liable to them for breach of the policy. This issue is one
> which is properly litigated via a claim for breach of contract, not a
> declaratory judgment action.

Id. at 483.

Likewise, here, Al-Aromah seeks not only a declaration that the Affidavit of Support is an enforceable contract, but further that Tomaszewicz breached the contract and she is owed damages. Indeed, Tomaszewicz stated on the record that he is not contesting the enforceability of the Affidavit of Support. A declaration that the Affidavit of Support is an enforceable contract would not "settle the legal relations" between the parties. Rather, additional litigation is needed to determine whether there was a breach of the Affidavit of Support and the amount of damages owed, if any. Thus, this case is properly litigated as a breach of contract claim and Tomaszewicz's motion to dismiss Al-Aromah's declaratory judgment claim is **GRANTED**.

### d. Younger Abstention Doctrine

Tomaszewicz also asserts that this case should be dismissed under the abstention doctrine while the state court divorce proceeding is pending.[7] Al-Aromah argues that the exercise of jurisdiction by this court would not interfere with the ongoing state court divorce proceedings because the Affidavit of Support is an obligation that exists independently from the parties' marriage. Al-Aromah also asserts that she will not have an adequate opportunity to be heard on her federal claims in state court because the state court is statutorily confined to address spousal support after the date of the divorce filing,

---

[7] Counsel for Tomaszewicz did not raise this issue during oral argument.

and her alleged damages occurred prior to that date.[8] Al-Aromah further asserts that federal jurisdiction provides remedies that are not available in state court, such as a federal judgment lien, federal writ of execution, and writ of garnishment of property.

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), provides that federal courts must abstain from exercising jurisdiction when doing so would interfere with pending state court proceedings. Robinson v. Thomas, 855 F.3d 278 (4th Cir. 2017). Specifically, the Younger abstention doctrine provides that a court should refrain from exercising jurisdiction when: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important, substantial, or vital state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings. Wigley v. Wigley, No. 7:17cv425, 2018 WL 1161138 (W.D. Va. March 5, 2018).

Federal courts routinely retain actions to enforce Affidavits of Support in cases where the federal action is filed after the parties' divorce is final and the Affidavit of Support was not part of the final judgment. See Du v. McCarthy, No. 2:14cv100, 2015 WL 1800225, at *6 (N.D.W. Va. Apr. 16, 2015); Cheshire, 2006 WL 1208010, at *1.

Several courts found abstention appropriate in cases where a state court divorce proceeding is in progress *and* the Affidavit of Support was raised in the divorce proceeding. In Wigley v. Wigley, the court found it appropriate to remand a case to enforce an Affidavit of Support to state court where the plaintiff raised the issue of the Affidavit of Support in the state court proceedings. 2018 WL 1161138 at *2–3. The

---

[8] Al-Aromah cites Virginia Code § 20-108.1, which provides that "[l]iability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent or, if earlier, the date an order of the Department of Social Services entered pursuant to Title 63.2 and directing payment of support was delivered to the sheriff or process server for service on the obligor." Va. Code Ann. § 20-108.1 (West 2013).

court found that the first two elements of the Younger abstention doctrine were clearly met—1) there are ongoing state judicial proceedings; and 2) the proceedings implicate state interests. The court further found that the plaintiff had an adequate opportunity to raise her federal claims in the state court proceedings. Id. at *2. See also Kawai v. UaCearnaigh, 249 F. Supp. 3d 821, 826 (D.S.C. 2017) (The first two factors of the Younger abstention doctrine are satisfied where there is an ongoing state court family law action. The third factor is satisfied because Plaintiff raised her claim for support under the I-864 Affidavit in the state court action.)

However, in Al-Mansour v. Shraim, No. CCB-10-1729, 2011 WL 345876, at *3 (D. Md. Feb. 2, 2011) the court found it appropriate to retain jurisdiction despite the parties' ongoing divorce proceeding, noting that the outcome of the divorce proceeding and any alimony awarded would be taken into consideration in any damages calculation made in the federal case. The court stated,

> The couple's divorce action in state court does not deprive the court of its jurisdiction. Although the result of the couple's divorce proceedings may be relevant to the determination of damages in this case, it is not relevant to the determination of Mr. Shraim's liability under 8 U.S.C. § 1183a. If Ms. Al–Mansour is awarded alimony pursuant to the couple's divorce judgment, then this court can adjust any damages she might receive through this action.

Id. (internal citations omitted).

Here, Al-Aromah asserts that she did not raise the Affidavit of Support in the underlying divorce proceeding, and she does not have an adequate opportunity to raise these claims in state court because she seeks damages for a 6 month period prior to the divorce filing, and the state court cannot order support for a time period before the divorce proceeding was filed. I agree that abstention is not appropriate in this case.

13

It is undisputed that the first two elements of the <u>Younger</u> abstention doctrine are met, as there are ongoing state court divorce proceedings that implicate important state interests. I find, however, that Al-Aromah does not have an adequate opportunity to raise her federal claims in the state court divorce proceedings, and thus, the third element of the <u>Younger</u> abstention doctrine is not satisfied. The Affidavit of Support creates a legal obligation that does not terminate with the parties' divorce. Unlike in <u>Wigley</u>, there is no indication in the record that the state court divorce proceeding will consider whether the Affidavit of Support is enforceable and whether it was breached in 2016. Further, Al-Aromah's assertion that the state court cannot order support for the dates at issue in this case (June – December 2016) is persuasive. Accordingly, I find it appropriate to retain jurisdiction over this matter.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, I grant Tomaszewicz's motion to dismiss Al-Aromah's declaratory judgment claim, deny the motion to dismiss Al-Aromah's breach of contract claim, and decline to abstain from exercising jurisdiction over this action. An order will follow.

Entered: September 10, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge